IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                :        No.: 26-12860-djb

      William Mays                        :

         DEBTOR         :        Chapter 13


MOTION TO IMPOSE THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. § 362(c)(4)(B)

The Debtor, by counsel, respectfully moves this Court for entry of an Order imposing the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B), and in support thereof avers as follows:

1.      Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on July 6, 2026.

2.      During the one-year period preceding the filing of the present case, two bankruptcy cases filed by the Debtor were pending and dismissed.[1]

3.      Pursuant to 11 U.S.C. § 362(c)(4)(A), no automatic stay arose upon the filing of the present petition.

4.      Under 11 U.S.C. § 362(c)(4)(B), the Court may order the automatic stay to take effect after notice and hearing if the filing of the present case is in good faith as to the creditors to be stayed.

5.      Although a presumption exists that the present case was not filed in good faith, that presumption is rebutted by clear and convincing evidence demonstrating a substantial change in the Debtor's financial circumstances.

6.      Since dismissal of the prior case(s), the Debtor's financial circumstances have

---

[1]*In re: William Mays*, Case #25-11129-djb was filed on March 24, 2025 and dismissed on September 5, 2025.  Case #26-10416-djb was filed February 2, 2026,

materially improved, including but not limited to the following:

a. Debtor has recently obtained stable employment by being approved by Maximus, a state agency, to provide home health care for his uncle.

b. Debtor's monthly gross income is expected to be approximately $6,000;

c. Debtor's prior loss of income has been resolved;

d. Debtor has resolved the circumstances that caused dismissal of the prior cases, including learning who needs to be paid and how to pay the trustee on a monthly basis;

e. Debtor has retained bankruptcy counsel and is prepared to fully comply with all filing requirements and Court orders.

7. The present case was filed solely for the legitimate purpose of reorganizing Debtor's financial affairs and paying creditors in accordance with the Bankruptcy Code.

8. The Debtor has prepared a feasible budget demonstrating the ability to make all required plan payments.

9. No creditor will suffer undue prejudice by imposition of the stay, while denial of the requested relief would likely result in foreclosure, repossession, garnishment, or other collection activity that would substantially impair Debtor's ability to reorganize.

10. Imposition of the stay will preserve the status quo while allowing the orderly administration of this bankruptcy case.

11. Accordingly, Debtor has rebutted any presumption of bad faith by clear and convincing evidence and has established that this case was filed in good faith.

WHEREFORE, Debtor respectfully requests that this Court enter an Order imposing the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B) as to all creditors (or, alternatively, as to those creditors identified by the Court), effective immediately, together with such other relief as

the Court deems just and proper.

*Respectfully submitted,*

Dated: <u>July 6, 2026</u>     By:     <u>/s/ Jonathan H. Stanwood</u>
Jonathan H. Stanwood, Esq.
1617 J.F.K. Blvd, Suite 1560
Philadelphia, Pa 19103
(215) 569-1040